UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ROY WILLIAMS (#343533)

VERSUS                                        CIVIL ACTION

MAJ. FRANKLIN, ET AL                          NUMBER 11-769-FJP-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 4, 2012.

                                                 STEPHEN C. RIEDLINGER
                                               UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY WILLIAMS (#343533)

VERSUS                                              CIVIL ACTION

MAJ. FRANKLIN, ET AL                                NUMBER 11-769-FJP-SCR

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Franklin and Lt. Roger Young. Plaintiff alleged that he was issued a false disciplinary report and was subjected to an excessive use of force in violation of his constitutional rights.

Specifically, the plaintiff alleged that on March 7, 2011, he was involved in a simple fight with another inmate. Plaintiff alleged that Sgt. Jackson broke up the fight and placed both inmates in handcuffs. Plaintiff alleged that when Maj. Franklin arrived on the unit he grabbed the plaintiff, choked him and dragged him off the unit. Plaintiff alleged that he fell down and Maj. Franklin kicked him in his ribs and buttocks. Plaintiff alleged that when he arrived on the unit Lt. Young was waiting for him with a can of pepper spray in his hand. Plaintiff alleged that Maj. Franklin and Lt. Young beat him and sprayed him with pepper spray for 15 minutes. Plaintiff alleged that he was issued a false

disciplinary report and received medical treatment the next day for bruised ribs, back pain and a pinched nerve in his neck.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### Unfair Disciplinary Report

Plaintiff alleged that the disciplinary charges issued on

March 7, 2011, were false.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

### **Failure To Exhaust Administrative Remedies**

Plaintiff alleged that on March 7, 2011, Maj. Franklin and Lt. Young sprayed him with pepper spray and beat him without provocation in violation of his constitutional rights.

In an action proceeding in forma pauperis under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even when they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on

4

failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

In Part II. of his complaint, the plaintiff stated that he filed Administrative Remedy Procedure (ARP) number LSP-2011-0854, which was accepted, but he has heard nothing further. Plaintiff also stated that he filed a disciplinary appeal which was rejected.[1]

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding his excessive force claims before filling this complaint.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's unfair disciplinary report claim be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and the plaintiff's excessive force claims be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling them in forma

---

[1] A review of ARP LSP-2011-854 showed that the plaintiff's administrative grievance complaining about the alleged excessive use of force on March 7, 2011, was accepted on May 3, 2011. Record document number 5-1, p. 3. The administrative record showed that on May 5, 2011, the plaintiff executed an ARP Withdrawal Form voluntarily withdrawing ARP LSP-2011-0854, which explains why the plaintiff heard nothing further from prison officials regarding the administrative grievance.

pauperis status.[2]

Baton Rouge, Louisiana, January 4, 2012.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] *Underwood v. Wilson*, 151 F.3d at 296.

6